# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTO BOOST TECHNOLOGIES, LLC<br><br>    Counterclaim-Defendant,<br><br>    v.<br><br>VIATEK CONSUMER PRODUCTS GROUP, INC. and HSN, INC.<br><br>    Defendants. | Case No. 2:13-cv-08813-MWF-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation for Protective Order and [Proposed] Stipulated Protective Order ("Stipulation") filed on June 18, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set

forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 14 and 15 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Restricted Confidential, Attorneys Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Restricted Confidential, Attorneys Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Restricted Confidential, Attorneys Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence**

**supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE MICHAEL W. FITZGERALD, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. "Confidential" information is information that, in good faith, a party believes to contain: (a) proprietary or commercially sensitive information which is not publicly known and which its owner would not reveal to others except in confidence; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under the Federal Rules of Civil Procedure. If a person, including a third party, producing information under this **Protective** Order (the "Producing Person") designates information as "Confidential," the designated information shall be treated as Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential."

2. "Restricted Confidential" information shall be limited to information that, in good faith, a party believes to contain: (a) current and past business planning and financial information; (b) trade secrets; (c) past or current company personnel or employee information; (d) source code; and (e) information concerning a party's sales or the design, structure, or workings of a party's products or systems, which would, if it became known to other parties, harm the competitive position of its owner. If a Producing Person designates information as Restricted Confidential under this **Protective** Order, the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential" or "Attorneys Eyes Only." For avoidance of

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface

doubt, documents marked "Attorneys Eyes Only" shall be treated as Restricted Confidential materials under the terms of this Protective Order.

3. Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this **Protective** Order.

4. When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

5. A person receiving information under this **Protective** Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation or any other litigation between or among parties to this action, provided that such other litigation does not involve any party that is not a party to this action.

6. By receiving information under this **Protective** Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information. All **R**eceiving **P**ersons**,** other than attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support service**s**, shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this **Protective** Order and agree to submit to the jurisdiction of the Central District of California for enforcement of this **Protective** Order. Counsel for each party shall maintain all original acknowledgments and will produce the same to the opposing party when so ordered by the Court.

7. A Receiving Person may disclose Restricted Confidential information only to the following:

a. outside litigation counsel retained by a party in this action, including attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support services;

b. independent experts or consultants retained by outside litigation counsel;

c. any person giving testimony in this action at deposition, trial, or hearing, but only if the person giving testimony is the creator, author, or recipient of the Restricted Confidential information; provided that such persons may not retain any documents containing Restricted Confidential information provided to them at such deposition, trial, or hearing;

d. the Court, its personnel, and any court reporters involved in taking or transcribing testimony in this action; and

e. any other person by written agreement of the parties or by order of the Court.

8. A Receiving Person may disclose Confidential information only to the following:

a. persons listed in ¶ 7; and

b. any person giving testimony in this action at deposition, trial, or hearing witnesses, but only for purposes of reasonable, material, and relevant testimony or preparation of such testimony in the litigation, provided that such persons may not retain any documents containing Protected Information; and

c. employees of the Receiving Person to whom disclosure is reasonably necessary for the management, supervision, or oversight of the litigation.

9. Before a Receiving Person can share Protected Information received from another party in the litigation with an independent expert or consultant under ¶ 7.b, the Receiving Person shall provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum vitae as well as a list of any previous or current relationship with any party to this action. If the Producing Person

objects to the disclosure, it must send a written objection, including a detailed explanation of its objection, which is received within ten **(10)** business days after the Producing Person's receipt of the written notice. Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of promptly filing a motion and establishing good cause to support its objection.

10. Deposition testimony may be designated as Confidential or Restricted Confidential on the record. If not so designated in the transcript, deposition testimony shall be deemed Restricted Confidential until fourteen (14) days following the reporter's distribution of the final transcript. During those fourteen days, a party may designate portions of the **deposition** transcript under ¶ 1 or ¶ 2 by sending written designations to all parties to this action.

11. If a Receiving Person disagrees with a designation of information under ¶ 1 or ¶ 2, it shall provide the Producing Person written notice of its challenge. If the parties cannot resolve this dispute, the Receiving Person may bring a motion challenging the designation under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of showing that the information is Confidential or Restricted Confidential. Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

12. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure as soon as possible after discovery. The Producing Person shall promptly

supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

13. In the event a party produces documents subject to the attorney-client privilege or work product doctrine through inadvertence, mistake, or other error, such production shall not be a waiver of privilege or immunity. The **P**roducing **P**arty must promptly give notice to all other parties of the inadvertent production. Upon such notice, the Receiving Person promptly shall make best efforts to collect all copies of the documents and destroy them or return them to the Producing Person.

14. In the event that any Protected Information is used in any proceeding in connection with this litigation, the parties shall **promptly** take all steps reasonably required to protect its confidentiality during such use.

15. To the extent that any Confidential or Restricted Confidential information subject to this Protective Order (or any pleading, motion, or memorandum referring to them) is proposed to be filed or is filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Restricted Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the **provisions of** Local **Civil** Rule 79-5.1 **and this Protective Order** and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed. Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under seal. However, only those portions of filings containing Confidential or Restricted Confidential information shall be filed under seal. The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential information shall be redacted.

16. Nothing in this **Protective** Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this **Protective** Order, even if the same information is also produced under this **Protective** Order.

17. Nothing in this **Protective** Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer, or director of the Producing Person.

18. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) and Local Rules 37-1 through 37-4.

19. The Parties acknowledge and agree that nothing in this **P**rotective **O**rder is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during discovery, and that, in the event of any inconsistency, the procedures defined by the Local Rules shall govern. If the Parties wish to file the Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the Parties may file a separate stipulation to that effect, or the moving party may file an *ex parte* application making the appropriate request. The Parties acknowledge and agree that the stipulation or *ex parte* application must demonstrate good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

20. Within sixty **(60)** days of the termination of litigation between the parties, all Protected Information shall be destroyed or returned to the Producing Person, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each correspondence transmitted between outside counsel for the parties to this action.

**IT IS SO ORDERED.**

Dated: June 23, 2014

_____  *Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## CERTIFICATE OF COMPLIANCE

I, _____ (print name), declare as follows:

I certify that I have received a copy of the Protective Order ("Order") in the matter captioned *Moto Boost Techologies LLC v. Viatek Consumer Products Group, Inc. and HSN, INc.* United States District Court for the Central District of California, Case No. 2:13-cv-08813-MWF-MAN, which governs the production and use of Protected Information in this case. I have read and understand the Order. I hereby acknowledge that I am bound by the Order, and I agree to abide by it. I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)